UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re: ROSA LINDA GUZMAN GHAFFARI,            No. 24-10453-j11

Debtor.

## MEMORANDUM OPINION AND ORDER REGARDING REPORTING REQUIREMENTS FOR EXEMPT SOCIAL SECURITY INCOME IN MONTHLY OPERATING REPORTS

At a hearing held December 17, 2024, the Court took under advisement the issue of whether Debtor must report her social security income, including copies of monthly bank account statements where her social security income is deposited, as part of the monthly operating reports required under 11 U.S.C. § 308.[1] Debtor contends that she is not required to report her social security income because social security income is an exempt asset. Although the Court agrees that social security income is exempt, the Court concludes that § 308 requires Debtor to report social security income in her monthly operating reports notwithstanding its exempt nature.

DISCUSSION

Debtor elected to proceed under subchapter V of chapter 11 of the Bankruptcy Code on August 23, 2024. *See* Doc. 46. Debtor's business operations consist of managing several Debtor-owned rental properties. In addition to rental income, Debtor reported monthly social security income of $1,359 on Schedule I. *See* Doc. 20. She has not included her social security income in

---

[1] Unless otherwise indicated, references in this opinion to "§" or "§§" refer to sections of Title 11 of the United States Code.

her subchapter V monthly operating reports. *See* Docs. 190, 132, 106, 105, 104, 103, 82, 61 (August through November 2024).[2]

Social security income is exempt from property of the bankruptcy estate. *See* 42 U.S.C. § 407(a) ("The right of any person to any future payment under this subchapter [referring to subchapter II of Title 42] shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law."); *In re Moore*, 214 B.R. 628, 630 (Bankr. D. Kan. 1997) (holding that the exemption applicable to social security benefits applies to benefits paid and such "funds do not lose their exempt status when deposited into a bank account"). Even though such income is exempt, a debtor must report social security income in the debtor's schedules. *See In re Song*, No. ADV RS 08-01291-MJ, 2011 WL 6934462, at *8 (9th Cir. BAP Sept. 30, 2011) ("Social Security benefits must be disclosed on Schedule I . . . . even when those benefits may be exempted."); *In re Herrmann*, No. CA 10-06523-JW, 2011 WL 576753, at *6 (Bankr. D.S.C. Feb. 9, 2011) ("[N]either the language of § 407 nor its legislative history indicates that Congress intended to prohibit a requirement for disclosure of this income or that a mere disclosure in a bankruptcy case would conflict with the purpose and protections provided by § 407.").

In individual subchapter V debtor cases, like exempt post-petition social security income, earnings from the debtor's services performed post-petition do not become property of the bankruptcy estate.[3] Nor is an individual debtor required to contribute social security income to

---

[2] For example, Debtor's November 2024 Monthly Operating Report states: "Social Security Administration for people that are over the majority. This is not in the Bankruptcy Estate." Doc. 190, p. 17.

[3] Regarding the exclusion of post-petition earnings from the estate, *see In re Robinson*, 628 B.R. 168, 179 (Bankr. D. Kan. 2021) (observing that property of the estate in an individual subchapter V case ordinarily does not include post-petition earnings); 11 U.S.C. § 1181(a) (excluding the applicability 11 U.S.C. §

fund a subchapter V plan, although an individual debtor may choose to make plan payments with social security income.[4] Debtor's subchapter V plan discloses Debtor's social security income. *See* Doc. 94, p. 28. Even so, an individual subchapter V debtor must include in the monthly operating reports exempt post-petition social security income, as well as earnings from the debtor's services performed post-petition, even though neither is property of the estate. This is made clear by the plain meaning of § 308.

Section § 1187(b)[5] of subchapter V requires subchapter V debtors to comply with the requirements of § 308. Section 308(b) requires the filing of

> periodic financial and other reports containing information including—
> (1) the debtor's profitability;
> (2) reasonable approximations of the debtor's projected cash receipts and cash disbursements over a reasonable period;
> (3) comparisons of actual cash receipts and disbursements with projections in prior reports[.]

The "periodic financial and other reports" under § 308, commonly referred to as monthly operating reports,[6] must include information pertaining to the debtor's profitability (defined in § 308(a) as "the amount of money that the debtor has earned or lost during current and recent fiscal periods") as well as comparisons of actual cash receipts and disbursements with projections of actual cash receipts and disbursements in prior reports. *See* § 308(b)(3).

---

1115 from subchapter V cases; § 1115 defines property of the estate in an individual chapter 11 case to include earnings from services performed post-petition but before the case is closed).
[4] *See In re Cranmer*, 697 F.3d 1314, 1319 (10th Cir. 2012) (holding that a debtor's exclusion of exempt social security income from his chapter 13 plan cannot constitute a lack of good faith).
[5] Section 1187(b) provides:
> A debtor, in addition to the duties provided in this title and as otherwise required by law, shall comply with the requirements of section 308 and paragraphs (2), (3), (4), (5), (6), and (7) of section 1116 of this title.
[6] *See* Fed. R. Bankr. P. 2015(a)(6) (providing that the report required by § 308 be filed on a monthly basis); Fed. R. Bankr. P. 2015(b) (requiring subchapter V debtors to "perform the duties prescribed in (a)(6)").

To comply with the § 308(b) reporting requirement, a debtor must report all actual earnings and cash receipts in the monthly operating reports. Section 308(b) does not differentiate earnings and cash receipts that are not property of the estate from those that are estate property. Thus, § 308 requires an individual subchapter V debtor with social security income to report such income in the monthly operating reports and attach copies of supporting bank account statements to document both receipts and disbursements of such income.

Requiring a subchapter V debtor to report social security income in monthly operating reports serves an important bankruptcy purpose. "Monthly operating reports 'are much more than busy work imposed upon a chapter 11 debtor for no reason other than to require [the debtor] to do something.'" *In re Lashley*, 664 B.R. 408, 415 (Bankr. W.D. Ky. 2024) (quoting *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991)). Rather, monthly operating reports enable the Court, creditors, the United States trustee, and the subchapter V trustee to track the debtor's post-petition operations and cash flow, including the debtor's total income and expenses, and provide the primary means for "the UST and creditors [to] determine when a debtor is incurring additional losses, is rendered administratively insolvent, or is transferring assets without authorization." *In re Whetten*, 473 B.R. 380, 383 (Bankr. D. Colo. 2012)). Because monthly operating reports are intended to give a complete and accurate picture of a debtor's ongoing post-petition financial situation, which will impact the feasibility of a subchapter V plan of reorganization, § 308(b) requires all sources of income that constitute earnings or result in projected or actual cash receipts, including post-petition earnings of an individual subchapter V debtor that are excluded from the estate and exempt social security cash receipts, to be disclosed in the debtor's monthly operating reports.

WHEREFORE, IT IS HEREBY ORDERED, that starting with the January 2025 monthly operating report, Debtor must disclose her social security income and attach a copy of the monthly bank account statement in which her social security income is deposited.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: January 3, 2025

COPY TO:

Rosa Linda Guzman Ghaffari
5332 Canada Vista PL NW
Albuquerque, NM 87120

Bryan Scott Perkinson
Subchapter V Trustee
Sonoran Capital Advisors
1733 N. Greenfield #104
Mesa, AZ 85205

United States Trustee
PO Box 608
Albuquerque, NM 87103-0608

Joshua T. Chappell
Attorney for PennyMac Loan Services, LLC
Tiffany & Bosco, P.A.
1700 Louisiana Blvd. NE
Ste. 300
Albuquerque, NM 87110

Janet M Spears
Attorney for U.S. Bank National Association
Aldridge Pite, LLP
3333 Camino del Rio South, Ste 225
San Diego, CA 92108